Dianne, Sandra and Sharon WILLIAMS, Minor Children of Hazel L. Williams (deceased), By Their Father, Cleo Williams, Appellants,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Appellee.

No. 19532.

United States Court of Appeals
Fifth Circuit.

Sept. 24, 1963.

---

that if the relationship is "meretricious in its inception, the evidence that it later became lawful would have to be positive and satisfactory * * *."

deQuincy V. Sutton, Meridian, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., E. R. Holmes, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before PHILLIPS,* CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

Appellants' claims to social security benefits here depend solely upon whether their deceased mother, Sharon Williams, was a partner with their father, Cleo Williams, in the small business "Williams Rolling Store." The court below found that the decision of the Secretary, answering the question in the negative and thus denying benefits, was supported by substantial evidence, in fact, "by the greater weight of the more convincing material submitted * * *."

█ Upon an examination of the record, we conclude that there is sufficient evidence to support a decision either way on the crucial question of partnership. We find, however, that the examiner, in making his decision, which was affirmed by the Appeals Council and thus became the decision of the Secretary, apparently applied an incorrect standard with respect to claimants' burden of proof by stating: "* * * there must be *clear and convincing* evidence that the business enterprise [was a partnership]." [Emphasis added.] "Clear and convincing" is a stringent standard applied in evaluating the evidence in such cases as an attempt to make out a case of fraud, or to cancel or reform an instrument, and the like. The rule for proving a partnership in this type of case is the general one, viz., the claimant must prove his case by a preponderance of the evidence. Scofield v. Davant, 5 Cir., 1955, 218 F.2d 486, and Estate of Dorsey v. Commissioner, 5 Cir., 1954, 214 F.2d 294.

██ When an administrative officer is sitting in a dual role as judge of the law and trier of the facts, and when he, as judge, gives himself, as fact-finder, an incorrect instruction as to the law governing the decision he must make, error is committed just as there is error if a judge incorrectly charges a jury. We must assume that the examiner applied the standard as he stated it; and if he did, he erred, and on a question of law. The decision, therefore, cannot stand. Cf. N. L. R. B. v. Florida Steel Corporation, 5 Cir., 1962, 308 F.2d 931; United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, and Hinojos v. Railroad Retirement Board, 5 Cir., 1963, 323 F.2d 227.

The fact is that under the tests spelled out in the Dorsey and Davant cases,

* Of the Tenth Circuit, sitting by designation.

supra, and the cases therein discussed, it is hard to perceive how a decision was reached rejecting the existence of the claimed partnership. Most of those cases were controversies about taxes; but we see no reason why they should not be applied here. We have concluded, however, to let the administrative officers take another look at the case to insure that the requirements of orderly procedure are observed.

The judgment of the court below is, therefore, reversed and the case is remanded so that it may be sent back to the Secretary for reconsideration in the light of the principles announced herein.

Reversed and remanded.

Cameron, Circuit Judge, dissented.