**Rudolfo A. BANEGAS, Plaintiff,**

v.

**Margaret HECKLER, Secretary, Health and Human Services, Defendant.**

**No. EP–81–CA–165.**

United States District Court,
W.D. Texas,
El Paso Division.

July 20, 1984.

Stewart W. Forbes, El Paso, Tex., for plaintiff.

Rebecca Westfall, Asst. U.S. Atty., El Paso, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

HUDSPETH, District Judge.

This is an action for judicial review of a decision of the Secretary of Health and Human Services denying the Plaintiff's claim for disability insurance benefits. The record shows that the Plaintiff was a forty-year old former route salesman for a bakery company who suffered a serious back injury in an automobile accident on February 16, 1978. Following the accident, he was required to undergo at least three back operations, including a fusion of the lumbar spine in October 1979. On February 4, 1980, the Plaintiff filed his claim for disability insurance benefits. When the application was denied, the Plaintiff requested a hearing before an Administrative Law Judge. The hearing was held on January 16, 1981 before Administrative Law Judge Frank J. Buldain. On February 27, 1981, the Administrative Law Judge issued his decision denying the Plaintiff's claim. On May 20, 1981, the Appeals Council affirmed the denial. Plaintiff timely filed this action to review the administrative denial of his claim for disability benefits.

This is not the typical case that comes before this Court for a review of the administrative denial of Social Security disability benefits. On the contrary, it is a "freak" case. The necessity for remand to the Secretary for reconsideration of the Plaintiff's claim is so obvious that extensive discussion of the record will not be necessary. It is sufficient to say that the Administrative Law Judge who heard evidence concerning the Plaintiff's claim on January 16, 1981 had before him an unusual amount of medical evidence to the effect that the Plaintiff was unable to engage in substantial gainful activity because of his serious back problem. The Secre-

tary engaged her own medical adviser, Dr. Fermin Sarabia, who reviewed the medical evidence and listened to the testimony of the Plaintiff. The medical adviser testified that the Plaintiff was suffering fairly severe pain (between 7 and 8 on a scale of 10), and that the pain was organic, not psychological, in origin (Tr. 52–53). At the conclusion of the medical adviser's testimony, the Administrative Law Judge stated that Plaintiff's case was not an easy one, and that he would be required to give it very careful consideration (Tr. 53).

Then a strange thing happened. The Administrative Law Judge decided to follow the claimant and his attorney as they left the courthouse where the hearing had been held. According to the Administrative Law Judge, he observed the Plaintiff to cross the street "at a fast gait without the use of his cane," and to enter his car "without any obvious hesitation or difficulty" (Tr. 13). From these observations, the Administrative Law Judge concluded that the claimed impairment was not of the severity expressed by the Plaintiff, and that the Plaintiff's claim for disability benefits should be denied (Tr. 13–14). In connection with his appeal to the Appeals Council, the Plaintiff submitted an affidavit by his attorney which directly contradicted these "observations" by the Administrative Law Judge. The attorney's affidavit recites that Plaintiff did not walk away from the hearing at a "fast gait"; that he was unable to walk down the steps of the federal courthouse, but had to use the ramp; that the attorney had to drive the Plaintiff home, and that he complained of pain throughout the entire procedure (Tr. 6–7).

It is well settled that an Administrative Law Judge performs a dual role as judge of the law and trier of the facts. *Williams v. Ribicoff*, 323 F.2d 231 (5th Cir.1963). Furthermore, it is not improper for an Administrative Law Judge to observe a claimant during an administrative hearing, and to base his conclusion as to the severity of the claimant's pain upon such observations. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982). It does exceed the bounds of propriety, however,

for the Administrative Law Judge to go beyond his role as judge and juror and become a witness in the case. *Tyler v. Weinberger*, 409 F.Supp. 776, 788–9 (E.D. Va.1976). In this case, the Administrative Law Judge based his conclusion that the Plaintiff was not disabled upon matters outside the record, not to mention outside the courthouse. In the process, he became a witness to a contested fact, and put his own credibility in issue. See *Tyler v. Weinberger, supra*. Furthermore, on the basis of his own "testimony," the Administrative Law Judge reached a conclusion which was contrary to the medical evidence and contrary to the testimony of his own medical expert. Because the Secretary's decision rests upon an improper foundation, this cause must be remanded to the Secretary of Health and Human Services with instructions that the Plaintiff be afforded a new hearing.

It is therefore ORDERED that the Defendant's motion for summary judgment be, and it is hereby, DENIED.

It is further ORDERED that this cause be, and it is hereby, remanded to the Secretary of Health and Human Services with instructions to afford the Plaintiff a new hearing.