**William DRESTE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1103.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided Aug. 23, 1984.

J.L. Whaley, Legal Services of Eastern Mo., St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

William Dreste appeals from an order of the United States District Court, Eastern District of Missouri,[1] affirming the decision of the Secretary of Health and Human Services denying disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Dreste contends that the decision of the Secretary is not supported by substantial evidence. We agree and reverse.

Dreste is a forty-five year old man who has performed jobs in the past as a security guard, welder's helper and trucking company dock hand. He has been hospitalized repeatedly since 1975 for recurrent psychotic episodes. He has been diagnosed as a chronic paranoid schizophrenic, and following medical treatments for this illness, he has had periods of remission. There was evidence that Dreste had been physically abusive to coworkers and family members.

According to the medical testimony, Dreste was hospitalized from August 1975 to September 1975 for recurrent psychotic episodes and unmanageability at home. The discharge diagnosis was chronic, indifferentiated schizophrenia. From August 1978 to December 1978 the evidence indicates memory difficulties with resultant medication. Dreste was in Malcolm Bliss Mental Hospital Center (MBMHC) in January 1979 as a transferee from St. Louis State Hospital with the same diagnosis. He was seen again in November 1979 and was paranoid and hostile and was admitted from the emergency room in December 1979 for paranoia. He was also very paranoid about black people. Dreste was admitted to Lutheran Medical in December 1979 but discharged himself.

From December 1979 to December 1980 Dreste was seen routinely at MBMHC and was receiving medication. Progress notes indicated improvements. In July 1981 he began telephoning the clinic on a daily basis and started receiving injections of Prolixin. In August 1981 he was again hospitalized with delusions, impaired judgment, and anxieties. He attacked his mother and sister in October 1981 and was again hospitalized. From October 1981 to January 1982 progress notes show Dreste was hyperactive and talkative.

On July 29, 1981, Dreste applied for disability and SSI payments. He alleged that he could not work in 1979 due to mental illness, schizophrenia and depression. His claims were denied upon initial consideration and later by the ALJ and the Appeals

---

1. The Honorable H. Kenneth Wangelin, presiding judge.

Council. The ALJ found that Dreste did not have an impairment which met the required level set forth in 19 C.F.R. Part 404, Subpart P., Appendix 1. The ALJ further held that when Dreste takes his medication he is stable, and that there has never been a period of twelve consecutive months since November 1979 when Dreste's mental condition was so unstable that he could not have performed past relevant work. Further, the ALJ found all subjective complaints to be not credible.

Our review is limited to whether the findings of facts of the ALJ are supported by substantial evidence. 42 U.S.C. § 405(g); *Ledoux v. Schweiker*, 732 F.2d 1385, 1387 (8th Cir.1984). We find that these findings are not supported by substantial evidence.

The medical testimony clearly indicates that Dreste has severe psychological impairments. Dr. Dye, who has treated Dreste since 1979, stated in January 1982 that Dreste continues to do poorly. The ALJ even finds that Dreste has provoked one potentially harmful incident since 1980. In August 1981 Drs. Butler and Reich found Dreste had an undiagnosed psychiatric disorder with possible paranoid schizophrenia. The evidence overwhelmingly convinces us that Dreste is disabled. There is absolutely no showing as stated by the ALJ that the medication adequately controls this illness.

In conclusion we find substantial evidence exists to support Dreste's assertions of disability.[2] There is absolutely no evidence to support the ALJ's finding that Dreste could perform his past relevant work as a guard. Consequently, we find Dreste is unable to perform his past work as a guard in accordance with 20 C.F.R. Part 404, Subpart P, Appendix I, and we remand for a determination of Dreste's residual functional capacity.

Reversed and remanded.

2. We reject the ALJ's claim that Dreste did not have a twelve-month period of continuous disability. It is inherent in psychotic illnesses that periods of remission will occur. This does not, however, lead to the conclusion that the disability has ceased, particularly given the overwhelming evidence to the contrary in this case.