**Helen J. HUSEBY, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1183.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1984.

Decided Oct. 17, 1984.

Rehearing Denied Dec. 10, 1984.

Mark G. Schneider, Fargo, N.D., for appellant.

Mary Lee Bartman, for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Helen J. Huseby appeals from the district court's order granting summary judgment to the Secretary of Health and Human Services (Secretary). The issues on appeal are whether the Secretary applied the proper standard in evaluating Huseby's complaints of pain and other subjective complaints, and whether the Secretary's decision denying disability is supported by substantial evidence. For the reasons set forth below, we reverse.

Huseby is fifty-eight years old. She married Lyle Huseby on June 2, 1947, and continued to be married to him until his death on June 7, 1977. Doctors have diagnosed her as suffering from diabetes insipidus, chronic obstructive lung disease, asthma, leg varicosities, arthritis, obesity, hypertension, and allergies. Huseby filed an application for widow's insurance benefits on December 9, 1977, alleging an onset of disability in April of 1967. This claim was denied. She filed a second application on February 13, 1981, alleging an onset date of January 2, 1968. This claim was also denied initially and on reconsideration. Huseby appealed. An administrative law judge (ALJ) determined that Huseby was entitled to benefits with an onset date of April 14, 1981.

The Appeals Council reviewed the ALJ's decision on its own motion, and determined that Huseby was not entitled to benefits. Huseby filed suit for review of this decision in the United States District Court for the District of North Dakota. The district court granted the Secretary's motion for summary judgment, and dismissed the case on December 12, 1983. Huseby then brought this appeal.

To prove her disability, Huseby must show she suffers physical or mental impairments which the Secretary deems sufficient to preclude her from engaging in *any gainful activity*. 42 U.S.C. § 423(d)(2)(B). This is a stricter standard than the "substantial gainful activity" standard for wage earner's disability claims. Pursuant to the Secretary's regulations, Huseby must suffer from an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. part 404, or suffer from one or more unlisted impairments which alone or in combination equal a listed impairment. 20 C.F.R. §§ 404.-1577–1578. Age, education, and work experience are not considered. *Id.*

■ We find several errors by the Secretary which require reversal. First, in reversing the ALJ's decision, the Appeals Council applied the wrong legal standard in evaluating Huseby's complaints of pain and discomfort. In the hearing before the ALJ, Huseby complained of dehydration and urinary incontinence due to her diabetes insipidus, discomfort due to her chronic lung condition and allergies, and pain in her legs due to arthritis and varicose veins. In *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), this Court issued an order which affirmed the proper standard for evaluating pain and other subjective complaints in determining disability. We stated:

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

*Id.* at 1322.

In evaluating Huseby's complaints of pain and discomfort, the Appeals Council stated:

These symptoms must be associated with relevant abnormal clinical and/or laboratory findings. The Council believes the claimant's allegations of disabling pain and discomfort are not adequately supported by the medical evidence of record * * *.

The Appeals Council did acknowledge that Huseby "is not taking large amounts of narcotizing medications, * * * is able to accomplish light household chores, and * *

is able to drive an automobile." This may be an attempt by the Council to acknowledge factors aside from the objective medical evidence, but the attempt is inadequate because the Council in its own words stated that it dismissed Huseby's complaints because they were not supported by medical evidence.

■ Secondly, we cannot find substantial evidence supporting the Appeals Council's reversal of the ALJ's determination that Huseby was disabled by her combination of impairments. Although the medical evidence in the record indicates that Huseby's condition fails to meet the precise requirements of the Listing of Impairments, the medical findings and doctors' opinions confirm that Huseby suffers diabetes insipidus and chronic obstructive lung disease or "pulmonary insufficiency." In order to meet the listing requirements for pulmonary insufficiency, Huseby must have a maximum voluntary ventilation (MVV) of 40 litres per minute or less, and a one-second forced expiratory volume (FEV) of 1.2 litres or less. 20 C.F.R. Part 404, Appendix 1, § 3.02. The test done on April 14, 1981, showed findings of 35 and 0.993 respectively. The Listing of Impairments further states that generally these studies should be repeated after administration of a nebulized bronchodilator. *Id.* at § 3.00 D. Huseby's post-bronchodilator test results were an MVV of 47, and an FEV of 1.135. The MVV value of 47 thus meant that Huseby failed to meet the requirements in the Listing. A further test administered in August, 1982, did not provide post-bronchodilator results and thus did not meet the requirements of the Listing.

Huseby's diabetes insipidus similarly failed to meet the requirements of the Listing. Section 9.05 in the Listing requires a urine specific gravity of 1.005 or below, persistent for at least three months and recurrent dehydration. The dehydration test in the record shows that Huseby's specific gravity exceeded 1.005 on four of twelve readings within twenty-four hours.

While the results in the report confirmed a diagnosis of diabetes insipidus, Huseby's condition failed to meet the Listing requirements here as well.

Evaluation of Huseby's claim thus hinges on determining whether the combination of her pulmonary insufficiency and diabetes insipidus, along with other undisputed impairments—arthritis, obesity, varicose veins, and hypertension—equal a listed impairment. The physician selected by the Secretary, Dr. Mack V. Traynor, concluded that Huseby's diabetes insipidus and pulmonary insufficiency were, in combination, of such severity as to consider her disabled. Huseby's personal doctor, Dr. Ralph D. Weible, submitted a letter dated October 1, 1981, concluding that her diabetes insipidus symptoms "will not abate after this long period of time and will continue to trouble her," and that "her pulmonary function studies show a severe obstructive pattern."

The only medical opinion in the record which could be read as contradicting a determination of disability comes from Huseby's other treating physician, Dr. Thomas E. Pederson. His letter of June 3, 1981, stated:

> The problems that she manifests are somewhat multiple and somewhat chronic but in the strict sense of the word probably not that disabling. * * * She has a history of diabetes insipidus that goes back to 1965 that is quite adequately treated with Hydrochlorothiazide and this is not incompatible with living the good life. She does have chronic obstructive lung disease with recurring bronchitis. * * * She * * * ambulates with reasonable agility, is out and about and certainly not disabled to the point of not being self-sufficient. * * *
>
> * * * [t]here is not enough here with the strict standards that I have been lead to believe are in vogue to support her claims.

Dr. Pederson clarified in a letter of June 5, 1981, that "what I meant by the term self-sufficiency was her ability to care for her-

self in her home environment and it does not relate to her employability status."

The ALJ, after reviewing the medical evidence and hearing Huseby's testimony concerning her pain, discomfort, and the limitation in her daily life, concluded that her combination of impairments rendered her disabled. In reviewing the entire medical record and the transcript of the hearing before the ALJ, we are unable to conclude that Dr. Pederson's remarks constitute substantial evidence in support of the Appeals Council's finding that Huseby is not disabled. His conclusory statement that her diabetes insipidus is "quite adequately treated" is entirely rebutted by her discharge summary from St. Luke's Hospital on June 11, 1982. The discharge summary by Dr. Juan Munoz traces her sixteen-year history with the disease, and notes that despite several changes in medication, she continues to suffer the symptoms—thirst and polyuria. Dr. Weible's letter also states that, to the best of his knowledge, the polydipsia and polyuria symptoms have not been under control. Dr. Pederson did not state that her chronic obstructive lung disease has been remedied by treatment, and nothing in his letter refutes the other doctors' reports concerning pulmonary insufficiency. In sum, while Dr. Pederson's opinion may address Huseby's ability to function within her home, the remainder of the evidence in the record indicates that she cannot engage in gainful activity, the standard relevant to determining whether she is disabled. We are unable to find other evidence in the record substantially supporting the Appeals Council's decision.

Moreover, her complaints of pain and discomfort, and the medical evidence diagnosing her diabetes insipidus and pulmonary insufficiency, along with her other impairments, viewed in combination, allow no other reasonable conclusion than that she is unable to perform any gainful activity. We therefore reverse the judgment of the district court, and remand the case to it to remand to the Secretary with instructions to award Huseby benefits as provided by the decision of the ALJ.