Dessie M. MILLER, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–1622.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1984.

Decided March 12, 1985.

James Marshall Smith, Kansas City, Mo., for appellant.

Judith Strong, Kansas City, Mo., for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and MAGNUSON *, District Judge.

PER CURIAM.

Dessie Miller appeals from a judgment of the district court affirming a decision of the Secretary of Health and Human Services (Secretary) denying her claim for widow's disability insurance benefits. For the reasons discussed below, we reverse and remand this case.

On March 4, 1980, Miller applied for widow's disability benefits. On September 11, 1981, she testified before an Administrative Law Judge (ALJ) regarding severe back, leg, and chest pain, blackouts, and weakness. In addition, she stated that she was extremely nervous and heard "all kinds of bad noises." According to her testimony, her daily activities were severely restricted; she did not perform housework and had stopped attending church. Her twenty-year-old son corroborated her testimony.

Appellant has been treated at the Western Missouri Mental Health Center since at least 1974. The medical evidence from the Center consists of pages of handwritten entries concerning numerous outpatient and emergency visits in 1980, 1981, and 1982. In 1980, appellant was also hospitalized at St. Mary's Hospital. On admission she displayed "very paranoid symptoms" and "very somatic symptoms" and was discharged with a diagnosis of "acute paranoia psychosis with delusions."

Appellant has also been under the care of Dr. Donald Cohen for back and leg pain resulting from a herniated disc. In response to a 1980 questionnaire from the Secretary, Dr. Cohen stated that appellant would probably be unable to lift or carry ten pounds. In response to a 1981 questionnaire from appellant's counsel, the doc-

tor stated appellant would be unable to perform "active employment."

On April 29, 1982, the ALJ denied widow's benefits, finding that appellant's impairments, singly or in combination, did not meet or equal the criteria set forth in the Listing of Impairments, Appendix 1 to Subpart P of 20 C.F.R. Part 404 (1982). The ALJ noted that appellant's mental illness was in remission and responsive to medication.

Section 9(a)(1) of the Social Security Disability Benefits Reform Act of 1984 (Act), Pub.L. No. 98–460, 98 Stat. 1794 (1984), provides that the Secretary "shall develop a complete medical history * * * for any case in which a determination is made that the individual is not under a disability." The section further provides that "the Secretary shall make every reasonable effort to obtain from the individual's treating physician * * * all medical evidence * * * necessary in order to properly make [a disability] determination, prior to evaluating medical evidence obtained from any other source on a consultative basis". *Id.*

■ In this case we find that the Secretary failed to develop evidence from appellant's treating sources as to her mental and physical impairments. Although appellant has been under treatment since 1974 for a mental impairment at the Western Missouri Mental Health Center, the record contains nothing more than handwritten entries, which are in large part illegible "either because of the poor quality of the reproduction, the handwriting of the physician, or both." *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir.1975). The court stated in *Cutler:* "Under the circumstances this court has no way to determine whether the Secretary fully understood some of the medical reports before him. Where the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementa-

* The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota, sitting by designation.

tion." [1] *Id.* Such is the case here. On remand, we suggest to the Secretary that if it is "important that the medical evidence specifically focus on the Secretary's 'Listing of Impairments,' fairness require[s] that [the Secretary] submit the interrogatories designed for this purpose to the claimant's [treating] physician as well [as to the Secretary's physician]." *Woodard v. Schweiker,* 668 F.2d 370, 374 (8th Cir.1981). It is "incumbent on the ALJ to give both side's doctors an opportunity to specifically address the key question at issue." [2] *Id.*

 On remand, the Secretary must also develop the evidence concerning appellant's back impairment and complaints of pain from Dr. Cohen. In assessing a widow's disability claim, the Secretary must give serious consideration to a claimant's allegations of disabling pain. *Huseby v. Heckler,* 746 F.2d 447, 448–49 (8th Cir.1984) (per curiam). Here, it is unclear whether the ALJ did so. Furthermore, it appears that the ALJ improperly discounted appellant's testimony of disabling pain because of an off-the-record conversation between appellant and the ALJ's hearing assistant. *See Banegas v. Heckler,* 587 F.Supp. 549, 550 (W.D.Tex.1984) (ALJ may not discredit allegations of pain on matters outside the record). On remand, the ALJ must assess appellant's allegation of pain in accordance with *Polaski v. Heckler,* 751 F.2d 943, 948–950 (8th Cir.1984).

Accordingly, this case is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.

---

1. This court has stated that "[b]ecause of the importance of a complete record to proper review of social security benefits cases, we urge that those responsible for assembling and duplicating the records take particular care in order to speed consideration of these cases and to prevent remands." *Marshall v. Schweiker,* 688 F.2d 55, 56 n. 2 (8th Cir.1982) (per curiam).

2. In this case the ALJ's findings that appellant's schizophrenia was in remission and responsive to medication and that her impairments did not meet or equal the Listing of Impairments were based primarily upon the reports of nonexamining and consulting physicians. This court has held that reports of such physicians are entitled to little weight. *McCoy v. Schweiker,* 683 F.2d 1138, 1141 n. 8 (8th Cir.1982) (en banc). In *Dreste v. Heckler,* 741 F.2d 224, 226 n. 2 (8th Cir.1984) (per curiam), we stated that "[i]t is inherent in psychotic illnesses that periods of remission will occur. This does not, however, lead to the conclusion that the disability has ceased * * *."

We also note that section 5(a) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), provides that the Secretary shall issue revised criteria for the Listing of Impairments for mental disorders in order to "realistically evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive workplace environment."