**Glenda J. PHELAN, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services of the United States, Appellee.**

No. 87–1336.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1987.

Decided May 9, 1988.

Harrison Don King, Clayton, Mo., for appellant.

Sandra L. Wallace, Kansas City, Mo., and Joseph B. Moore, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Glenda Phelan (appellant) appeals from the District Court[1] order entered in favor of the Secretary of Health and Human Services (Secretary) denying appellant disabled widow's disability benefits under 42 U.S.C. § 402(e). For reversal, appellant contends that the Administrative Law Judge (ALJ) (1) failed to fully develop the record as to her hearing impairment; (2) improperly evaluated her complaints of pain; and (3) assigned too much weight to the reports of non-treating physicians. Appellant also contends that she was prejudiced because she was represented by a law student at the hearing before the ALJ. For the following reasons, we affirm.

On February 15, 1985, appellant filed an application for disabled widow's disability benefits, under Title II of the Social Security Act, 42 U.S.C. § 401 *et. seq.*, alleging disability since March 14, 1984, because of hearing loss, diabetes, and a right foot drop. Appellant's application was denied initially and upon reconsideration.[2] On July 9, 1985, represented by a law student, appellant testified before an ALJ. Appellant, fifty-six years old at the time of the hearing, testified that she has diabetes controlled by diet and exercise, wears a hearing aid in her left but not in her right ear because it would not help, has a great deal of trouble hearing in the presence of background noise, has arthritic pain in her foot preventing her from standing for more than two or three hours at a time, her foot goes to sleep when sitting for more than one hour, uses a cane to prevent herself from tripping, wears a foot brace "now and then" for about "two thirds of a day," is unable to lift more than five pounds because of pain in her foot, no longer does her own housework beyond washing a dish and dusting, never shops, has no hobbies or recreation, and spends her days reading and watching television. Appellant also testified that she is able to use her hands and arms, and can bend and stoop.

The medical evidence was reviewed in detail by the magistrate[3] in his report and recommendation. In summary, the record reveals that appellant has non-insulin diabetes mellitus controlled by diet, bilateral tympanic membrane perforations with resulting moderately severe to severe hearing loss on the left ear, and severe to profound loss on the right ear, good speech discrimination with the use of a hearing aid in her left ear, plantar fasciitis in her right foot, foot drop, mild arthritis, and tenosynovitis in her left wrist. The ALJ further found that appellant had good speech discrimination, and that her condition neither meets nor equals any listings for diabetes, hearing impairments, or musculoskeletal impairments. The ALJ thus, found that even considering her combination of impairments, she was not eligible for widow's disability benefits.

On November 12, 1985, after her request for review was denied by the Appeals Council of the Social Security Administration, appellant filed a summary judgment motion. The Secretary filed a cross-motion for summary judgment. In support of her motion for summary judgment, appellant submitted the results of an April 8, 1986, examination by the Department of Otolaryngology at the Washington University School of Medicine. Nonetheless, on December 23, 1986, the magistrate recommended granting the Secretary's motion for summary judgment. On February 12, 1986, the district court affirmed the decision of the Secretary. This appeal followed.

To prove eligibility for widow's disability benefits, appellant must show that she suffers from physical or mental impairments that preclude her from engag-

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Appellant had previously filed applications for disability widow's benefits on March 14, 1983, and April 4, 1984. Both applications were denied at all administrative levels, and appellant did not seek judicial review. Appellant also filed an application for Supplemental Security Income (SSI) benefits on April 4, 1984. At the time of the ALJ hearing, appellant was receiving SSI benefits.

3. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

ing in any gainful activity. *See Huseby v. Heckler*, 746 F.2d 447, 448 (8th Cir.1984); 42 U.S.C. § 423(d)(2)(B). This is a much stricter standard than the substantial gainful activity standard for wage earners' disability claims. *Huseby v. Heckler*, 746 F.2d at 448. Specifically, to qualify for widow's disability benefits, appellant must show that she suffers from an impairment listed in Appendix I to Subpart P of 20 C.F.R. Part 404, or suffers from one or more unlisted impairments which alone or in combination are the medical equivalent of a listed impairment; age, education, and work experience are not considered. *Id.* 20 C.F.R. §§ 404.1577–.1578.

Appellant first argues that the ALJ failed to fully develop the record with regard to her hearing impairment. Appellant contends the ALJ failed to obtain current medical reports from her treating physician, with the results that the ALJ improperly gave too much weight to consultative medical reports. Appellant argues the incomplete record, from which the law student who represented her failed to supplement, rendered the administrative hearing unfair. We disagree.

We recognize that the ALJ has a duty to develop the record fully, fairly, and particularly when the claimant is not represented by counsel. *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir.1981) (per curiam). Mere lack of counsel alone, however, does not deprive a claimant of a fair hearing. Nevertheless, it enhances the ALJ's duty to bring out the relevant facts. *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir.1987) (citations omitted). Absent unfairness or prejudice this court will not remand for further proceedings.

The record in the present case contains reports of ear examinations at St. Louis University Health Clinic from the time of appellant's application up to April 1985; three months prior to the hearing. The record also contains an audiological examination from July 1984 a year prior to the hearing, and an April 1984 report from Dr. Katsontonis, whom appellant claims is her treating physician. Appellant does not allege that she ever saw Dr. Katsontonis after April 1984 or that records of any examinations by him are missing from the record.

Further, appellant's contention that the results of an April 8, 1986, examination by the Department of Otolaryngology at Washington University School of Medicine as meeting the listing for a hearing impairment is without merit. This examination was conducted long after the ALJ issued his decision. Although the court may not consider evidence not before the Secretary during administrative proceedings, a case may be remanded upon a showing that there is new material evidence, and good cause for the claimant's failure to incorporate such evidence into the record at the prior proceeding. *Chandler v. Bowen*, 722 F.2d 369, 371 (8th Cir.1983); 42 U.S.C. § 405(g). Appellant's lack of counsel may constitute cause; however, as the magistrate noted, the April 8, 1986, report merely confirms the results of prior audiological examinations, and demonstrates that appellant's hearing impairment is not severe enough to meet the listing in Appendix I.

Appellant next maintains that the ALJ failed to properly assess her allegations of pain in her right foot. Appellant testified having pain in her right foot, "like a charley horse," that prevented her from standing for more than two or three hours, sitting for more than one hour, walking for more than one-half a block, and lifting more than five pounds. Appellant, however, failed to list pain on her application. Moreover, appellant's testimony was in response to the ALJ's question as to whether anything else gave her any problems. We find and believe that the ALJ properly evaluated the evidence with due regard to appellant's complaint of pain.

We recognize that the ALJ must give serious consideration to appellant's complaints of pain, and assess her allegations of pain in accordance with the standards set out in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984); *see also, Miller v. Heckler*, 756 F.2d 679, 681 (8th Cir.1985) (per curiam). Although the ALJ did not explicitly assess appellant's complaints of pain as a separate impairment, there is no indication

that he did not believe her or discounted her pain. Rather, we believe the ALJ accepted appellant's complaints as true in his discussion of whether the evidence demonstrated that appellant had sufficient diabetic neuropathy to meet the requirements of the listing for diabetes, and in his determination that appellant's foot drop did not meet or equal any listing for musculoskeletal impairments. Under these circumstances, and based upon our reading of the record, we do not believe that the ALJ committed error in evaluating appellant's allegations of pain.

■ Based upon our reading of the entire record we hold that the Secretary's decision is supported by substantial evidence on the record as a whole. Accordingly, we affirm.