Harold D. FREEMYER, Plaintiff,

v.

Louis W. SULLIVAN, M.D.,* Secretary
of Health and Human Services,
Defendant.

Civ. A. No. 88–2343–S.

United States District Court,
D. Kansas.

Oct. 6, 1989.

Dennis W. Jennings and Joan H. Deans,
Kansas City, Mo., for plaintiff.

Benjamin L. Burgess, Jr. U.S. Atty., and
Robert A. Olsen, Asst. Atty., Kansas City,
Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for an order affirming the Secretary's decision and plaintiff's cross-motion for judgment. The case is an appeal from the Secretary of Department of Health and Human Services' decision denying plaintiff disability benefits under the Social Security Act. Plaintiff filed an application for disability benefits under Title II of the Social Security Act (42 U.S.C. §§ 401 *et seq.*), which was denied. On December 30, 1987, following a hearing which had been requested by Mr. Freemyer, an administrative law judge (ALJ) found that Mr. Freemyer was not entitled to any benefits. On May 4, 1988, after considering additional evidence, the appeals counsel of the Social Security Administration denied plaintiff's request for disability benefits. Thus, the ALJ's decision stands as the final decision of the Secretary.

### A. *Facts.*

At the time of the ALJ's denial of benefits in 1987, Mr. Freemyer was 49 years old. Mr. Freemyer had worked since leaving the military service in 1958 until his mental illness episodes in 1975. Mr. Freemyer has previously received disability benefits under Title II from November, 1975 until January 1, 1978. He also received

---

* Louis W. Sullivan succeeded Otis R. Bowen as Secretary of Health and Human Services on March 1, 1989. Pursuant to Rule 25(d)(1) of the

Federal Rules of Civil Procedure, Louis W. Sullivan is substituted for Otis R. Bowen as defendant in this suit.

such benefits for a period from November 30, 1970 until March 31, 1980, when the benefits were terminated since Mr. Freemyer had returned to substantial gainful activity. He worked until September of 1986, when he left his job as a lawn care worker.

On September 23, 1986, plaintiff voluntarily admitted himself to the Veterans Administration Hospital, complaining of depression and suicidal ideation. In November of 1986, Mr. Freemyer was transferred to the VA domiciliary at Leavenworth, Kansas. Plaintiff remains a resident of the domiciliary to date. At the hearing before the ALJ, Mr. Freemyer testified about his difficulty functioning among other people, and his feelings of despair and hopelessness. Mr. Freemyer indicated he was incapable of working in an environment which involved working with other people. Mr. Freemyer also testified about his cycletic episodes of depression. Plaintiff also testified that his daily activities are quite limited: watching some television, taking short walks, and doing some reading. The plaintiff testified that he has no hobbies or other interests.

Claimant's mother, Helen Freemyer, also testified at the hearing before the ALJ. She corroborated the testimony of her son. Mrs. Freemyer also testified that her son experienced bouts of depression and had serious problems interacting with other people. Mrs. Freemyer testified that she believed her son was incapable of holding a job.

B. *Medical Evidence.*

The medical records of Mr. Freemyer indicate that he has suffered significant mental impairments over a long period of time. On November 18, 1975, Mr. Freemyer was admitted to Osawatomie State Hospital and was diagnosed as suffering depressive neurosis. He was discharged against medical advice on November 27, 1975. Plaintiff was hospitalized at the Veterans Administration Hospital in Kansas City, Missouri from December 30, 1975 until January 5, 1976, and was diagnosed as suffering from depression and schizoid personality. Mr. Freemyer was again hospitalized at the Veterans Administration Hospital from January 10, 1976 to February 25, 1976, for his depression. Mr. Freemyer was again returned to the VA Hospital during the month of March in 1976 and was diagnosed as having a manic depressive illness. Mr. Freemyer left the VA Hospital April 1, 1976, against medical advice. In 1979, Mr. Freemyer was treated for schizophrenia at Johnson County Mental Health Center.

From September 23, 1986 until November 10, 1986, Mr. Freemyer was hospitalized again at the Veterans Administration Hospital. During this stay at the hospital, examinations revealed that Mr. Freemyer had increased psychomotor activity, normal speech articulation with decreased coherence, periodic decrease in speech fluidity, suicide ideas with a plan, and paranoid preoccupations. He was diagnosed as suffering from major depression, psychotic disorder and personality disorder. Elavil and Lithium were prescribed for plaintiff. Plaintiff seemed to respond to the medication as his mood normalized and his manic depressive symptomology decreased. In November of 1986, he was transferred to the domiciliary at Leavenworth for temporary placement and rehabilitation. The prognosis was good and the domiciliary care plan dated November 19, 1986, indicated plaintiff would be able to return to work within the community within three to twelve months.

During his stay at the domiciliary, plaintiff has experienced major fluctuations in his mood and mental condition. The domiciliary medical records and progress notes indicate that around the time of the ALJ hearing (the hearing was held on September 8, 1987) plaintiff was experiencing a relatively good period regarding his mental illness. The September 2, 1987 entry states that no manic symptoms were present and the plaintiff's affect was appropriate. (T. 318) However, on December 1, 1987, the domiciliary records indicate that Mr. Freemyer was again having a depressed affect. (T. 322) The domiciliary record of progress notes for January 20, 1988, show that Mr. Freemyer appeared to

be decompensating. (T. 323) The most recent domiciliary care plan, which was approved by the domiciliary physician on November 10, 1987 (T. 320–21), stated that Mr. Freemyer remained incapable of competitive work and indicated that a time when Mr. Freemyer could return to community employment was indeterminate.

### C. *The ALJ's Decision.*

On December 30, 1987, the ALJ issued his decision in which he found that Mr. Freemyer was not suffering from a disability as defined in the Social Security Act, and that the mental impairments from which Freemyer suffered did not prevent him from returning to his past work. Applying the factors set out in the Social Security Administration Regulation No. 4, the ALJ found that Mr. Freemyer was not entitled to disability benefits. The ALJ stated that Freemyer had not been engaged in any gainful employment since September 1, 1986, and that the medical evidence showed a history of bipolar affected disorder, but that the disorder was currently in remission. Based on Mr. Freemyer's demeanor during the hearing and the medical records, the ALJ concluded that Freemyer's impairment was not of the severity or duration to meet the criteria of a disability. The ALJ determined that the August/September, 1986 episode of depression was a single acute episode from which Mr. Freemyer had recovered, and that by April of 1987 his condition was stabilized. Therefore, the ALJ concluded that the "claimant's impairment did not prevent the claimant from performing his past relevant work for twelve continuous months." (Finding # 7 of the ALJ's decision).

### D. *Analysis.*

This court may review the final decision of the Secretary pursuant to 42 U.S.C. § 405(g). The court may enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the Secretary's decision. The Secretary's findings of fact are conclusive if supported by substantial evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also* 42 U.S.C. § 405(g). The court will not reweigh the evidence submitted to the Secretary, *Garrett v. Califano,* 460 F.Supp. 888, 890 (D.Kan.1978), nor merely rubber stamp the Secretary's findings. *See Mitchell v. Weinberger,* 404 F.Supp. 1213, 1215 (D.Kan.1975). Throughout the review, the court remains mindful of the Act's goal to ameliorate some of life's rigors for the disabled. *Devorak v. Celebrezze,* 345 F.2d 894, 897 (10th Cir.1965). Evidence is not substantial "if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983). The Social Security Act provides that an individual shall be determined disabled only if his impairments are of such severity that he is not only unable to perform his previous work, but cannot engage in any other kind of substantial gainful employment. *See* 42 U.S.C. § 423(d)(2)(A).

■ The court finds that the ALJ did commit an error of law in holding that disability benefits could be denied because claimant failed to show his inability to engage in substantial gainful activity for the past twelve continuous months. The Social Security Act requires that an impairment last for a period of twelve months, 42 U.S.C. § 423(d)(1)(A). However, the Act does not require that the severity of claimant's impairment be such that it prevents substantial gainful activities for twelve continuous months. The ALJ based his finding that plaintiff had failed to show an impairment for the duration of twelve months on the fact that after treatment and during his hospitalization in September through November of 1986, plaintiff responded to medication and it appeared that his mental illness was in remission, and had in fact stabilized.

Other courts interpreting the duration requirement of the Social Security Act in cases involving mental impairments have concluded that a claimant is not required to

show that his mental impairment continues for twelve consecutive months at a severity level that would preclude work. *See Singletary v. Bowen,* 798 F.2d 818, 821 (5th Cir.1986); *Dreste v. Heckler,* 741 F.2d 224, 226 n. 2 (8th Cir.1984). In *Singletary,* the Fifth Circuit stated that a claimant must establish that his mental impairment is a long term problem, but a claimant whose "claim is based on a mental condition does not have to show a twelve month period of impairment unmarred by any symptom-free interval." *Singletary,* 798 F.2d at 821. The *Dreste* court noted that "[i]t is inherent in psychotic illnesses that periods of remission will occur. This does not, however, lead to the conclusion that disability has ceased, particularly given the overwhelming evidence to the contrary in this case." *Dreste,* 741 F.2d at 226, n. 2.

It is clear from the record that Mr. Freemyer has suffered from mental impairments for well over twelve continuous months. It is true that during some of these times he has had the good fortune of experiencing periods of apparent symptom-free intervals. The ALJ disallowed the recovery of benefits based on the existence of these periods of lucidity. However, based on the evidence before the court, including the additional medical records and progress reports compiled by the domiciliary, plaintiff's condition fluctuates greatly. By December of 1987, plaintiff began experiencing another period of depression. Apparent decompensation was noted in January of 1988.

The court finds that the ALJ erroneously ruled that claimant was required to show that his impairment was so severe that he could not engage in gainful activity for twelve continuous months. All that is required is a showing that the claimant suffered mental impairments for twelve continuous months. The court finds that the evidence in the record overwhelmingly supports a finding that plaintiff has been diagnosed with mental impairments for twelve continuous months.

The court also finds that the record does not reasonably support the ALJ's finding regarding the severity of Mr. Free-myer's impairment. The ALJ found that Mr. Freemyer's mental impairments did not impose significant limitations on his ability to function in the workplace. The court finds that this finding is unsupported in the record. As this court has said on a previous occasion, "[i]t is well accepted that substantial gainful activity means performance of a substantial service with a reasonable regularity." *Claassen v. Heckler,* 600 F.Supp. 1507, 1510 (D.Kan.1985). As the Fifth Circuit Court of Appeals stated in *Singletary,* a finding that a claimant is able to engage in substantial gainful activity requires "a determination that the claimant can *hold* whatever job he finds for a significant period of time." *Singletary,* 798 F.2d at 822 (emphasis in original).

The record in this case indicates that Mr. Freemyer suffers mental decompensation which is interspersed with symptom-free intervals. The fluctuations in Mr. Freemyer's mental state, indicated from the medical records and progress reports, establish that Mr. Freemyer would not be able to hold any job or engage in any gainful activity with any reasonable regularity. In fact, the most recent domiciliary plan in the record states that Mr. Freemyer would not be able to perform competitive work or to return to community employment for an indeterminate period of time.

The court finds that the ALJ's finding that plaintiff is able to perform work activities is not supported by the record and thus must be reversed. It is obvious from the medical records and the domiciliary's progress reports that the ALJ's conclusion cannot be supported.

The court finds that based on the foregoing, the Secretary's decision denying Mr. Freemyer disability benefits must be reversed. The court further finds that remand of this case to the Secretary for further proceedings is unnecessary because the evidence in the record conclusively establishes that Mr. Freemyer is disabled within the meaning of the Social Security Act. Moreover, the disability benefits would be plaintiff's only income and a rehearing would serve no purpose but to further delay the payment of disability ben-

efits to Mr. Freemyer. *See Espinosa v. Secretary of Health and Human Services,* 565 F.Supp. 810, 816 (D.Kan.1983) (outright reversal is appropriate and rehearing unnecessary where there is no substantial evidence to support a finding that claimant is not totally disabled and where rehearing would simply delay the receipt of benefits).

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for an order affirming the Secretary's decision is denied. IT IS FURTHER ORDERED that plaintiff's motion for judgment reversing the Secretary's decision is granted.