**Evelyn PETTYJOHN, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–K–1078.**

United States District Court, D. Colorado.

Feb. 18, 1992.

Jacqueline Higinbotham, Colorado Rural Legal Services, Fort Morgan, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER ON RULE 59(e) OF FEDERAL RULES OF CIVIL PROCEDURE

KANE, Senior District Judge.

The Defendant raises a variety of separate objections to my opinion, 776 F.Supp. 1482, and order and asks me to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. I find that all of the defendants objections are groundless. Nonetheless, as the defendant raises some important issues, I will deal with them in detail.

■ The defendant maintains I incorrectly held that "the Social Security Act does not require that the claimants impairments prevent substantial gainful activity for twelve continuous months." At 1486.

What the Secretary is seeking to infer by this objection is that I held that the impairment need not last for twelve months. Obviously, this was not the basis of my decision, for the literal meaning of my finding is that the impairment need not *prevent substantial gainful activity for twelve continuous months.* It is not, as is established in *Singletary v. Bowen,* 798 F.2d 818 (5th Cir.1986), the duration of the impairment for twelve months that is the issue, but whether the Social Security Act also requires that the claimant, due to her impairment, be unable to work for every day, week, month, of that twelve month period.

Further, other parts of the opinion make this expression entirely clear. At page 1484 of the opinion it is stated that "the ALJ ignores clear precedent establishing that pain or disability need not be constant over a twelve month period, it can in fact be intermittent". See *Pagan v. Bowen,* 862 F.2d 340, 348 (D.C.Cir.1988); *Singletary v. Bowen,* 798 F.2d at 821, *Freemyer v. Sullivan,* 723 F.Supp. 1417, 1420 (D.Kan.1989).

At page 1486 of the opinion directly after the disputed quotation, which the defendant selectively quotes, comes the following:

"[S]ubstantial gainful activity means performance of a substantial service with a reasonable regularity." *Broadbent* [*v. Harris* ], 698 F.2d [407] at 413 [10th Cir. 1983]; *Rivas v. Weinberger,* 475 F.2d 255, 258 (5th Cir.1973); *Freemyer* [*v. Sullivan* ], 723 F.Supp. [1417] at 1420 [D.Kan.1989]; *Claassen v. Heckler,* 600 F.Supp. [1507] at 1510 (D.Kan.1985). Sporadic or irregular work is not substantial gainful activity. *Dix* [*v. Sullivan* ], 900 F.2d [135] at 138 [8th Cir. 1990]. "The ability of a claimant to perform jobs in the national economy must take into account the actual ability of the claimant to find and hold a job in the real world" *Parsons v. Heckler,* 739 F.2d 1334, 1340 (8th Cir.1984).

Defendant also omits, in the highly selective reaction to the decision, to mention that appended to the passage he objected to is a reference to *Singletary v. Bowen,*

798 F.2d 818 (5th Cir.1986). The following extensive quotation from this case, further illustrates, what was in fact decided in the instant case.

The ALJ concluded that Singletary's mental condition "does not appear to have been severe enough to have prevented substantial gainful employment for more than short periods of time—far less than twelve continuous months." This finding evidences a misunderstanding of the duration requirement. *It confuses the duration requirement, which applies only to the impairment, with the severity requirement, which determines whether the impairment prevents the claimant from working*

The Social Security Act defines "disability" as the: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (1982). *The statute quite clearly requires that it is the impairment only which must last for a continuous period.*
*Singletary*, at 821.

Moreover, the authorities the defendant cites in favor of his contention are completely off point. In *Alexander v. Richardson*, 451 F.2d 1185 (10th Cir.1971), it was not decided that the claimant need demonstrate "inability to perform substantial gainful activity for every minute of the twelve month period"[1] as the defendant infers. Further, the case does not deal with impairments that result in "frequent, acute exacerbations, interspersed with continuing, but lesser, symptoms."[2] The citation of *Krumpelman v. Heckler*, 767 F.2d 586 (9th Cir.1985) illustrates clearly the extent of the defendant's confusion; *Krumpleman was not concerned with the question of intermittent exacerbation as were Singletary and Pettyjohn, it was*

*concerned solely with the duration requirement:* "the only period claimed by Krumpleman is from December 1980 through October 1981. The period does not meet the 12 month minimum requirement for a 'disability' under § 423(d)(1)(A)." *Krumpelman*, at 589.

Next, the defendant contends that my opinion only cited cases with mental impairments. (Defendants br. at 2 (footnote one)) Yet, *Dix v. Sullivan*, 900 F.2d 135 (8th Cir.1990), which I also relied on, deals with chrones disease. Moreover, the "mental" disease in *Broadbent v. Harris*, 698 F.2d 407 (10th Cir.1983) was "degenerative cervical joint disease" and "arthritis"! See, 776 F.Supp. at 1485–86. *Further, there is no evidence, that the courts in the mental cases which Pettyjohn cites meant to limit their respective ratios, quite the converse in fact:*

[N]ormally, of course, when a claimant has an impairment severe enough to prevent him from working, he will be unable to work for as long as the impairment lasts. This is particularly true when the impairment is physical. The statute, however, does not require that a claimant be unable to work during the entire 12 month period. *Singletary*, at page 821.

See also 20 C.F.R. §§ 404.1505(a); 404.- 1509; 404.1510.

A further contention is that I was incorrect in stating that: "if the claimant was illiterate, one cannot conclude that she has residual functional capacity" (for sedentary work). At 1485. To this effect the defendant argues that: "illiteracy does not prevent a younger individual such as plaintiff from performing sedentary work". He cites Rule 201.23 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1991).

A closer analysis of the relevant regulation illustrates that the truth is not quite this bald. The table indicates that a finding of disability is warranted, when the

---

1. Page 2 of the Plaintiff's Brief In Reply to the Defendants Motion under Rule 59(e) of The Rules of Civil Procedure.

2. *Id.* at page 2.

claimant is between 18–44,[3] if the claimant is "illiterate or unable to communicate in english" and previous work experience is "unskilled or none." The table also refers one to Section 201.00(h) where the following is contained: "a finding of disabled is not precluded for those individuals under age 45, *who do not meet all of the criteria of a specific rule* and who do not have the ability to perform a full range of sedentary work." The table gives illustrations of the type of individual who may fall within these parameters. Example 2 is worth quoting:

> [A]n illiterate 41 year old individual with mild mental retardation (IQ of 78) is restricted to unskilled sedentary work and cannot perform vocationally relevant past work, which had consisted of unskilled agricultural field work; his or her particular characteristics do not specifically meet any of the rules in appendix 2, because this individual cannot perform the full range of work defined as sedentary. In light of the adverse factors which further narrow the range of sedentary work for which the individual is qualified, a finding of disabled is appropriate.

Two conclusions emerge from the regulation. First, as there was ample evidence in the opinion of the claimant's prior work experience being unskilled, the finding that she had not residual functional capacity is supportable under the provisions of the table. Second, the above quotations from Section 201.00(h) also illustrate that the listings are sufficiently flexible to embrace a woman in Ms. Pettyjohn's position who does not meet all the requirements of the listing.[4]

A fourth contention hinges on my unease with the wholesale rejection by the ALJ of the claimant's and her husband's testimony as "subjective." I did not deny that the ALJ was entitled under *Luna v. Bowen*, 834 F.2d 161, 162 n. 2 163–165 (10th Cir. 1987), to reject, if there were substantial grounds for doing so, the respective testimonies. I was acutely conscious at page 1485 of 776 F.Supp. that the ALJ was in the best position to make a judgment as to credibility and that he was granted a large measure of discretion. What I determined, was the fact that the ALJ abused his discretion and had no substantial grounds for his decision. Once again, an in-context reading highlights this, for *the Secretary does not even quote the rest of the sentence* he relies upon. If he had done so, the reasoning would be eminently clear and supportable. The Secretary's quotation reads as follows: "reject[ed] the testimony of the claimant and her husband as 'subjective' ..." (Defendants br. at 6). However, if we compare this to the full sentence in the slip opinion, the meaning changes dramatically.

> [H]e commences his reasoning by rejecting the testimony of the claimant and her husband as "subjective", *rather than being justifiably skeptical, he denudes it of all significance and fails to see how it may in fact be corroborated by the testimony of the doctors.*

Once again, the secretary distorts the meaning of a statement by quoting it out of context and in this case, worse, by truncating a sentence.

Finally, the defendant argues that I incorrectly found that the "plaintiff's diseases were more than adequate to fulfill the 'meet or equal' requirement" of the listing of impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (1991). In essence, he claims that the plaintiff did not meet the burden of producing clinical findings showing that her back condition met all of the requirements of section 1.05 C of the listings. Specifically, he argues she did not demonstrate *muscular spasm, pain, significant limitation of motion in the spine; and appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.* It ought to be remembered, of course, that the claimant need not establish

---

**3.** In passing it must be mentioned that the claimant is now 46 years old.

**4.** Apart from her muscular and spinal disorders and her illiteracy, there is some evidence of severe depression.

**796**

that she met these specific requirements only that she "met or equalled" them.

In any case the medical evidence more than establishes the claimants contentions: At page 163 of the record, Dr. Feray indicates that the claimant suffers from *"radicular symptomology* with severe pain." At page 168, "degenerative disc disease." At page 181, Dr. Horstman testifies that the claimant suffers from "paraspinal *muscular spasm"* and had "knee pains" for 10 years. He also attests that *"forward flexion of the spine is to 45 degrees* which produces a painful pulling sensation, more in the right lumbasacral region than left." At page 201, (exhibit 30) Dr. Dennis indicates that the claimant had *"decreased range of motion of the lower back."* There is constant medical attestation as to the pain the claimant is suffering; at page 210, for example, Dr. McVicker states: "Ms. Pettyjohn is a 42 year old white female with *chronic intermittent low back pain* and over the last month has developed progressively severe low back and right lower extremity pain radiating into her calf." The above medical testimony clearly shows: pain, muscular spasm, significant limitation of motion in the spine and radicular distribution of significant motor loss with muscular weakness and sensory and reflex loss.

All of this is quite apart from the severe nature of the claimant's degenerative joint disease, a condition far more severe than pain or muscular spasm and one which can cause limitations on motion in the spine.

The opinion in this case is well reasoned and coherent if read dispassionately. The culling and distorting of selective pieces, however, is indicative of the same inadequacies found in the treatment of the plaintiff's case during the administrative process. It demonstrates an obdurate drive to reach a predetermined result, oblivious to the human cost involved. Accordingly it is ORDERED that the Secretary's motion for reconsideration is DENIED.