**Terry R. BAKER, Plaintiff–Appellant,**

v.

**EMPLOYMENT APPEAL BOARD and Iowa Department of Human Services/Glenwood, Defendants–Appellees.**

No. 95–1088.

Court of Appeals of Iowa.

May 31, 1996.

Joseph G. Basque of Legal Services Corp. of Iowa, Council Bluffs, for appellant.

William Whitten and Anita Garrison, Des Moines, for appellees.

Heard by HABHAB, P.J., HUITINK, J., and McCARTNEY, Senior Judge. *

HABHAB, Presiding Judge.

Petitioner Terry Baker worked as a resident treatment worker for the Glenwood State Hospital School until August 9, 1994. She suffered from a depressive illness she claims was aggravated by job-related stress and also exacerbated by a family medical situation. She claims her doctor suggested she seek less stressful employment. Due to her situation, she had several absences from work which led to a meeting with her supervisor. Her supervisor claims she offered Baker a leave of absence, but Baker denies such a leave was offered. The supervisor. also claims on Baker's last day of work the supervisor asked Baker to consider a leave of absence, but Baker denies being offered such a leave again. On August 9, 1994, Baker claims she quit her job because of job-related stress.

After Baker's claim for unemployment benefits was denied by a claims representative, Baker appealed the decision. At the hearing before an administrative law judge, Baker and her employer presented evidence on the issue of whether Baker had voluntarily left her employment without good cause attributable to her employer, disqualifying her from receiving unemployment benefits. The parties were in dispute as to whether Baker had been offered a leave of absence. Baker, who was unrepresented by counsel, informed the administrative law judge she had a statement from her supervisor regarding the circumstances surrounding her separation from employment. The letter was not introduced into evidence. Baker apparently

* Senior Judge from the Second Judicial District serving on this court by order of the Iowa Supreme Court.

did not directly challenge the supervisor's testimony regarding the offer of a leave of absence. The administrative law judge entered a ruling determining Baker was not qualified to receive unemployment benefits because she had voluntarily left her employment without good cause attributable to her employer.

Baker appealed the decision by the administrative law judge. Baker requested the Employment Appeal Board consider testimony from her doctor concerning her stress disorder, the letter from her supervisor, and other testimony concerning the circumstances surrounding her departure from employment. The Board denied Baker's request for consideration of additional evidence determining the evidence was cumulative and she had not shown good cause why the evidence was not presented at the hearing. The Board, with one dissenting member, affirmed the administrative law judge's decision to deny Baker unemployment benefits. The Board denied Baker's request for rehearing. Baker filed a petition for judicial review challenging the Board's decision.

The district court entered a ruling affirming the Board's decision denying Baker unemployment benefits. The court determined there was substantial evidence supporting the Board's decision and no error of law occurred.

Baker appeals.

■■■ When a party appeals a district court review of an agency ruling, we will not disturb the agency's findings of fact if substantial evidence supports them. Iowa Code § 17A.19(8)(f) (1993). In addition, we review the district court's legal determinations for misapplication of the law. *Freeland v. Employment Appeal Bd.*, 492 N.W.2d 193, 196 (Iowa 1992). The district court itself acts in an appellate capacity to review agency determinations for legal error and we apply the standards of section 17A.19(8) to determine whether we agree with the court's conclusions. *Henry v. Iowa Dep't of Transp.*, 426 N.W.2d 383, 385 (Iowa 1988).

On appeal, Baker raises three issues. The first two issues, which are interrelated, are whether the administrative law judge erred

by (1) refusing to consider evidence and (2) failing to adequately develop the record. These issues will be considered together. Baker also contends the administrative law judge erred in finding Baker quit voluntarily without good cause attributable to her employer.

■■■ The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965)). While these principles are immutable to our jurisprudence, "the full panoply of procedural due process rights is not necessary for an administrative hearing to pass constitutional muster...." *Carr v. Iowa Employment Sec. Comm'n*, 256 N.W.2d 211, 214 (Iowa 1977).

■■■ An administrative law judge has a duty to develop the record fully and fairly, particularly when the claimant is not represented by counsel. *Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir.1994); *Harris v. Secretary of the Dep't of Health & Human Serv.*, 959 F.2d 723, 727 (8th Cir.1992); *Wingert v. Bowen*, 894 F.2d 296, 298 (8th Cir.1990); *Phelan v. Bowen*, 846 F.2d 478, 481 (8th Cir.1988) (per curiam); *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir.1987). "This is so because an administrative proceeding is not an adversarial proceeding." *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir.1994). While a mere lack of counsel alone does not deprive a claimant of a fair hearing, it does enhance the administrative law judge's duty to bring out the relevant facts. *Phelan*, 846 F.2d at 481; *Highfill*, 832 F.2d at 115.

■■■ We find the administrative law judge was under a heightened duty to develop the record since Baker was unrepresented in this case. This duty required the administrative law judge to inquire about and consider the letter from Baker's supervisor concerning the circumstances of her separation from employment. The letter is alleged to be very relevant to the issues before the administrative law judge. While we make no findings regarding the letter, we find it was error for

the administrative law judge to fail to inquire about the letter and to fail to at least consider it in reaching his decision when it was brought to his attention by Baker.

Due to our finding regarding the administrative law judge's failure to properly develop the record, it is necessary to remand the case to the administrative law judge for further proceedings. On remand, the administrative law judge, in addition to the record already made, is to give further consideration to the additional testimony offered or made known by Baker at the hearing and, thereafter, render his decision. We, of course, form no opinion as to what the final disposition should be nor do we have an opinion as to the merits of Baker's contentions.

We reverse the ruling denying the submission of additional evidence and remand the case for further proceedings consistent with the ruling in this opinion. With this result, we need not address the final issue raised by Baker on appeal. We do not retain jurisdiction.

**REVERSED AND REMANDED WITH DIRECTIONS.**

VOGEL, J., takes no part.