**George W. KRUMPELMAN, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–6512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1985.

Decided July 29, 1985.

John Ohanian, John Ohanian, Inc., Los Angeles, Cal., for plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before WALLACE, TANG and WIGGINS, Circuit Judges.

TANG, Circuit Judge.

Krumpelman brought suit in district court for review of a decision of Secretary Heckler denying disability insurance benefits. He alleged jurisdiction under 42 U.S.C. § 405(g). We affirm the district court's grant of summary judgment in favor of the Secretary.

**FACTS**

On May 2, 1980, plaintiff George W. Krumpelman, a 42-year old stage technician, was injured in an accident while working with co-workers in moving heavy trees. On July 28, 1980, Krumpelman filed an application for disability insurance benefits for head, back, and neck injuries commencing on May 3, 1980. The application was denied, and on December 7, 1980, it was again denied upon reconsideration notice. Krumpelman did not seek an administrative hearing nor an appeal on this application.

On May 8, 1981, Krumpelman filed a new application for disability benefits. This application again alleged the disability period commencing on May 3, 1980, and again alleged head, back, and neck injuries. This application was initially denied. On December 21, 1981, Krumpelman requested reconsideration, and indicated that he had commenced work on October 6, 1981, and therefore his application was for a closed period of disability from May 3, 1980 through October 6, 1981.

On June 8, 1983, Krumpelman appeared with counsel at an administrative hearing before ALJ Mallory C. Walker.[1] The ALJ's decision was adopted as a final decision of the Secretary. The ALJ's decision reviews in detail the additional exhibits submitted by Krumpelman's counsel and Krumpelman's testimony at the June 8 hearing. The ALJ then lists 11 findings. These findings break down into the resolution of two major issues.

First, the ALJ concluded that the Secretary's denial of the disability application of July 28, 1980, was a final decision regarding disability for the period of May 3, 1980 through the December 7, 1980 date of denial. The ALJ concluded that because Krumpelman did not pursue administrative review of that December 7, 1980 decision, it was final, binding, and after his review of the submitted evidence found that good cause did not exist for reopening that claim.

The second grouping of findings relate to the issue of whether plaintiff proved disability from January 1981 through October 6, 1981. The ALJ found that Krumpelman's impairments did not prevent all substantial gainful work activity for a continuous period of not less than twelve months. Although the ALJ made findings regarding the credibility of Krumpelman's testimony and the impact of the medical evidence, it is clear from the findings and additional language in the decision that the ALJ found that Krumpelman could not prevail because the period of January 1981 through October 1981 failed the 12 month continuous period requirement. 42 U.S.C. § 423(d)(1)(A).

On cross-motions for summary judgment, the district court adopted a magistrate's report and granted the Secretary's motion for summary judgment. The Magistrate's Report found jurisdiction improper under § 405(g), and that the period for which the prior determination was not conclusive did not meet the 12 month requirement of 42 U.S.C. § 423(d)(1)(A). Krumpelman asserts on appeal that this court has

[1] ALJ Walker had conducted a hearing on the same petition a year earlier on June 2, 1982, at which Krumpelman appeared pro se. ALJ Walker had denied the application after that hearing, but the Appeals Counsel vacated Judge Walker's decision because the wrong files and application were reviewed. The appeals counsel remanded Krumpelman's application for further proceedings.

jurisdiction to review the ALJ's decision, and that the ALJ denied him disability benefits on findings not supported by substantial evidence.

## DISCUSSION

■ The district court has jurisdiction to review "final decision[s]" of the Secretary under 42 U.S.C. § 405(g). "[T]he Secretary's decision not to re-open a previously adjudicated claim for social security benefits" is purely discretionary and is therefore not considered a "final" decision within the meaning of § 405(g). *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir.1982). *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). District courts, therefore, have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata. *Davis v. Schweiker*, 665 F.2d at 935. Krumpelman appeals from the decision which, in part, is a refusal to re-open the prior final determination that Krumpelman was not disabled during the period of May 3, 1980 to December 7, 1980. The district court therefore correctly concluded that it lacked jurisdiction to review this determination, and that the Secretary's prior decision was res judicata for this period. *Id.*

Krumpelman challenges the district court's conclusion of lack of jurisdiction based on exceptions to the rule of *Califano v. Sanders*, as discussed in *Thompson v. Schweiker*, 665 F.2d 936 (9th Cir.1982), and *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981). In *Thompson v. Schweiker*, this Circuit recognized that res judicata principles should not be so rigidly applied as to "contravene an overriding public policy or result in manifest injustice." 665 F.2d at 940–41, quoting *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6th Cir.1971)). The court further held that

... [w]here the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process.

*Id.* at 941.

■ The allegations and facts in the present case do not rise to the level of those in the *Thompson* case. Here, Krumpelman's allegations of manifest unfairness can be summarized as follows:

(1) The ALJ did not notify Krumpelman that his claim might be dismissed on the basis of res judicata.

(2) Krumpelman was denied the opportunity to rebut "adverse hearsay evidence" allegedly considered by the ALJ.

(3) The ALJ's conclusions were not supported by the record.

The Secretary points out persuasively that Krumpelman's claim as to lack of notification of res judicata fails because Krumpelman does not show any prejudice from the alleged failure to give notice. Second, the challenged hearsay evidence is not identified. Additionally, plaintiff's counsel was afforded an opportunity to comment on all of the evidence in the record after the hearing. Krumpelman's brief itself also states that the ALJ held two hearings and issued two decisions "fully considering every aspect of his claim based upon all the available evidence."

Unlike in *Thompson*, Krumpelman was represented by counsel at the challenged hearing. There is no allegation that the ALJ improperly questioned Krumpelman. As stated in *Davis v. Schweiker*, 665 F.2d at 936, Krumpelman's constitutional allegation is "purely conclusory, unsupported by facts, and is insufficient to withstand summary judgment."

Krumpelman's reliance on *McGowen v. Harris*, is also unavailing. In *McGowen*, the Fourth Circuit established a two prong inquiry for reviewing the Secretary's dismissal of a claim on res judicata principles. First, the district court has the jurisdiction to determine, and should determine, whether the claim precluded is the same as the claim previously determined. 666 F.2d at 66. In the present case, it is clear that both claims of disability included the period of May 3, 1980 through December 7, 1980; therefore the claims were indeed the same.

The second inquiry in *McGowen* is whether or not the Secretary in fact re-

opened the claim in its consideration of the res judicata determination. *Id.* Only if such a re-opening occurred, could the district court have jurisdiction to review the merits of the Secretary's determination. The *McGowen* court stressed that in determining whether a claim is in fact the same claim, the Secretary:

> ... must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be re-opened as a discretionary matter.

*Id.* at 67. The *McGowen* court concluded that where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable. *Id.* at 68. *Cf. Taylor for Peck v. Heckler,* 738 F.2d 1112, 1115 (10th Cir. 1984) (holding the ALJ re-opened the case because of extent of review of evidence and evidentiary hearing, and explicitly relying on lack of specific ruling on the basis of res judicata and no specific declination to re-open the decision in the record).

This case is clearly distinguishable from the situations in *McGowen* and *Taylor.* Here, the ALJ explicitly found the evidence was insufficient to warrant the re-opening of the claim of disability from May 3, 1980 to December 8, 1980, and explicitly declined to re-open the claim. Krumpelman has not shown a persuasive reason for diverging from the rule of *Califano v. Sanders;* the district court therefore did not have jurisdiction to review the ALJ's decision.

█ Finally, Krumpelman claims "disability" for a period commencing after May 8, 1980. 42 U.S.C. § 423(d)(1)(A) defines "disability" as:

> ... inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a *continuous period of not less than 12 months.*

(emphasis added). The only period claimed by Krumpelman is from December 1980 through October 1981. This period does not meet the 12 month minimum requirement for a "disability" under § 423(d)(1)(A). The district court, therefore, did not err in granting summary judgment in favor of the Secretary on this issue.

The judgment of the district court is therefore AFFIRMED.