26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Poliska A. JOLIVETTE, Plaintiff-Appellant,
v.
Donna SHALALA,** Secretary of Health and Human
Services, Defendant-Appellee.
 No. 93-55158.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jolivette appeals the district court's grant of summary judgment to the Secretary of Health and Human Services ("Secretary") as to her claim for disability insurance benefits pursuant to Sec. 223 of the Social Security Act, 42 U.S.C. Sec. 423. The district court, through a magistrate judge, affirmed the decision of the Appeals Council after determining that the denial of benefits was supported by substantial evidence. The district court had jurisdiction pursuant to 42 U.S.C. Sec. 405(g). We have jurisdiction pursuant to 28 U.S.C. Secs. 636(c)(3) and 1291. We affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985). We will not set aside the denial of benefits unless "the Secretary's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985) (internal quotations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 875 (citations omitted).
 
 
 4
 To be eligible for benefits, a claimant must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to ... last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(1)(A). When the claimant proves that she is incapable of returning to her past relevant work, the Secretary must show that there are other jobs she can perform in light of her residual functional capacity. Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990).
 
 II
 
 5
 Jolivette contends that the Secretary failed to show that there were jobs available within her residual functional capacity. She argues that the opinion of a vocational expert did not constitute substantial evidence because she was asked to assume a limitation of jobs entailing a "lower stress level, never above average stress" rather than those specifically entailing "low stress" levels. Jolivette also contends that the Secretary failed to properly weigh and give credence to evidence of her psychiatric impairment.
 
 
 6
 Hypothetical questions must set out all of the claimant's relevant limitations and restrictions in order to have evidentiary value. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988).
 
 
 7
 The exclusion of some of the claimant's impairments is permissible, however, when the ALJ makes specific findings justifying his decision not to believe testimony concerning claimed impairments. Copeland v. Bowen, 861 F.2d 536, 540-41 (9th Cir.1988).
 
 
 8
 Jolivette's contention that the vocational expert's opinion lacked evidentiary value is without merit. The premise that a "low stress" job is materially different than a "never above average stress" job lends a greater degree of determinacy to these terms than is warranted by the context. For example, in describing Jolivette's limitations in his opinion, the ALJ used the phrases "avoid high stress situations" interchangeably with "low stress situations." The Appeals Council expressly adopted the ALJ's findings on this question. The only reasonable inference that can be drawn is that when it referred to "low stress situations" the Appeals Council, like the ALJ, was contemplating a simple low/high scale. The phrase "never above average stress" properly characterized Jolivette's residual capacity.
 
 
 9
 The record as a whole, moreover, provides substantial evidence to support the finding that Jolivette was able to perform light and sedentary work requiring only "low stress" and no "frequent contact with the public." The vocational expert testified that a significant number of jobs were available to a person who would have to move about after only one-half hour of sitting and who could not use her hands for repetitive movements, such as typing. The expert also testified that in at least one line of work, that of credit checker, employees "don't deal with the public." This testimony gives rise to the inference that there were ample work opportunities within Jolivette's residual capacity. Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir.1992) (Secretary is free to draw inferences from the record).
 
 
 10
 We also reject Jolivette's contention that the Secretary failed to properly weigh and give credence to evidence of her mental impairment. Dr. LaCalle described Jolivette as having "moderate limitations" due to a depressive disorder. This, in tandem with Dr. Downs' initial opinion that Jolivette would experience marked limitations due to stress and anxiety, was clearly the basis for the "low stress, little contact with the public" limitation forming the basis of the ALJ's hypothetical question. If the Secretary erred in this respect, it was in giving too much weight to this evidence, in light of Dr. Downs' subsequent indication on January 16, 1991 that Jolivette would experience no limitations due to mental impairment and of Dr. LaCalle's indication that she would experience only moderate limitations that were likely to improve within three months with proper treatment. Cf. Krumpelman v. Heckler, 767 F.2d 586 (9th Cir.1985).
 
 III
 
 11
 Jolivette contends that the Secretary erred as a matter of law in favoring the description of her exertional limitations by Dr. Gulaya over that of Dr. Downs. She argues that the Secretary contravened the treating physician rule announced in Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).
 
 
 12
 A treating physician has a uniquely privileged position vis a vis his or her patient; his or her opinion is entitled to special weight. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987). Specific reasons based on substantial evidence must consequently support the rejection of a treating physician's opinion. Embrey, 849 F.2d at 421. When a nontreating physician relies on independent clinical findings that differ from those made by a treating physician, the acceptance of the nontreating physician's opinion is based on substantial evidence. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 
 13
 Jolivette's contention is without merit regardless of the proper characterization of the respective roles of Dr. Downs and Dr. Gulaya. The record indicates that on November 3, 1989, Dr. Downs, the treating physician between July 1988 and October 1989, deferred to Dr. Gulaya to complete the disability form, indicating that Jolivette was now under Dr. Gulaya's care. Apart from casting doubt as to whether Dr. Gulaya should be characterized as merely a consulting physician, Dr. Downs' deferral is a specific reason to accept Dr. Gulaya's opinion. Additionally, because Dr. Gulaya's opinion was based on independent clinical tests, the Secretary's adoption of the limitations he described was, in fact, supported by substantial evidence.
 
 IV
 
 14
 Jolivette contends that the Secretary failed to articulate clear reasons supported by substantial evidence in the record for rejecting her subjective complaints of pain. She underscores that her complaints were consistent with the medical opinions and objective findings.
 
 
 15
 To justify rejection of excess pain testimony, the ALJ must make findings specific enough so that we can determine that the underlying credibility judgment was not arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). The Secretary may take into account a claimant's level of activity, along with "other probative evidence of disability or lack thereof." Margallanes, 881 F.2d at 756. In this regard, we have approved of, inter alia, the unexplained failure to take medication or to continue treatment, the undertaking of daily activities inconsistent with the allegations of pain and inconsistencies in the claimant's testimony as probative evidence. See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir.1992); Bunnell, 947 F.2d at 346.
 
 
 16
 The Secretary's rejection of Jolivette's pain testimony was based on specific findings supported by substantial evidence. The record establishes that Jolivette failed to adequately explain why she discontinued seeking medical care during the sixteen months preceding the hearing. She also described her symptoms inconsistently to different medical providers and in subsequent visits to the same provider. Despite her testimony that she experienced intolerable headaches, the medical evidence documented only a single complaint of headache in January 1989. Finally, Jolivette testified to performing daily activities at home that were inconsistent with experiencing disabling pain during the course of sedentary and light work tasks.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Donna Shalala, Ph.D. has been substituted for Louis W. Sullivan, M.D., pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3