**Koppel MILLER, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 00–55906.

D.C. No. CV–99–7808–RMC.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2002 *.

Decided May 3, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL, District Judge.**

MEMORANDUM ***

Miller argues that the district court erred in: (1) dismissing his action based on the lack of a reviewable final decision; and (2) finding that the court could not review the Commissioner's denial of Miller's request to reopen the claim.

District Courts have jurisdiction to review only final decisions of the Commissioner made after a hearing. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). What constitutes a "final decision" is not defined in the Social Security Act itself. The meaning of the term "final decision" has been left to the Commissioner of Social Security to define in the regulations. *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

The ALJ determined that Miller's second application for benefits was a duplicate of the first, and therefore dismissed the second application on the basis of administrative res judicata. The ALJ also denied Miller's petition to reopen his first application for benefits. These rulings were not reviewable "final decisions": "District Courts . . . have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata." *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir.1985).

A district court may review the Commissioner's determination of res judicata if the claimant has presented a colorable constitutional claim. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir.1995).

Miller's lack of representation by counsel does not create a colorable constitutional claim, as there is no constitutional right to representation at a Social Security hearing. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir.1997); *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

Where the record is patently inadequate to support the findings of the ALJ, application of res judicata is tantamount to a denial of due process. *Thompson v. Schweiker,* 665 F.2d 936, 940 (9th Cir. 1982). The record in this case is more than adequate to support the ALJ's conclusions. The findings of the ALJ in this case do not indicate a denial of due process.

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.