Grace BROWNING, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–55840.

D.C. No. CV–01–03965–AN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2003.

Decided April 22, 2003.

---

**504**

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,* District Judge.

### MEMORANDUM**

Plaintiff Grace Browning appeals the district court's dismissal of her challenge to the Commissioner's benefits decision. She asserts that the Attorney Advisor's "fully favorable" resolution of her *second* application for benefits constituted a de facto reopening of her *first* application for benefits. *See Lester v. Chater,* 81 F.3d 821, 827 n. 3 (9th Cir.1995) (noting that a de facto reopening of a Commissioner's earlier decision can occur "where the Commissioner considers 'on the merits' the is-

sue of the claimant's disability during the already-adjudicated period"). We find Plaintiff's argument unpersuasive for three reasons.

First, the Attorney Advisor addressed this issue expressly and clearly disavowed any intention to reopen consideration of Plaintiff's first application for benefits. This case is therefore distinguishable from the cases on which Plaintiff relies, because there the adjudicator did not disclaim an intention to reopen an earlier application. *Compare Lewis v. Apfel,* 236 F.3d 503, 510 (9th Cir.2001) (finding de facto reopening when "[t]he ALJ knew of the June 1991 denial of Lewis's 1991 application. Yet he considered evidence of disability from as early as 1989, and he accepted without comment the alleged onset date of September 15, 1990."), *with Krumpelman v. Heckler,* 767 F.2d 586, 587, 589 (9th Cir.1985) (finding no reopening when an ALJ "after his review of the submitted evidence found that good cause did not exist for reopening that claim").

Second, the bulk of the evidence considered by the Attorney Advisor was from 1996. Although the Attorney Advisor mentioned some evidence from the period encompassed by Plaintiff's first application for benefits, he did so only to point out that the 1996 evidence was *consistent with* Plaintiff's longstanding complaints. Thus, the Attorney Advisor cannot be said to have "consider[ed] 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester,* 81 F.3d at 827 n. 3.

Finally, the Attorney Advisor noted that Plaintiff's condition had "deteriorated." Accordingly, the Attorney Advisor's con-

---

* Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

clusion that Plaintiff was disabled in 1996 does not necessarily undermine the ALJ's earlier decision that Plaintiff was not disabled previously.

For these reasons, the grant of benefits on Plaintiff's second application did not constitute a de facto reopening of Plaintiff's first application. Because the award of benefits was based solely on Plaintiff's second application, the Commissioner did not err in calculating benefits. *See* 20 C.F.R. § 404.621(a)(1) (2002).

To the extent that Plaintiff's appeal can be characterized as a call for review of the Commissioner's failure to reopen her first application, the district court properly concluded that it lacked jurisdiction. *Krumpelman*, 767 F.2d at 588.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.