Vikki DE LA ROSA, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant—Appellee.

No. 05-55088.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2007.**

Filed May 1, 2007.

Stephanie M. Simpson, Esq., Nor-
thridge, CA, for Plaintiff–Appellant.

Liz Noteware, Esq., Social Security Ad-
ministration Office of the General Counsel,
San Francisco, CA, for Defendant–Appel-
lee.

Before: CANBY and THOMAS, Circuit
Judges, and CONLON, District Judge.

MEMORANDUM ***

Vikki De La Rosa appeals the district
court's order affirming an Administrative
Law Judge's denial of social security bene-
fits and refusal to reopen her 1998 benefits
determination.

The district court's order affirming the
ALJ's benefits denial is reviewed *de novo.*

---

* Michael J. Astrue is substituted for his prede-
  cessor Jo Anne Barnhart as Commissioner of
  the Social Security Administration. Fed.
  R.App. P. 43(c)(2).

** This panel unanimously finds this case suit-
   able for decision without oral argument. *See*
   Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
    cation and is not precedent except as provid-
    ed by 9th Cir. R. 36–3.

*Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). The ALJ's decision may be set aside only if it is unsupported by substantial evidence or based on legal error. *Id.;* 42 U.S.C. § 405(g). When the evidence is rationally subject to different interpretations, the ALJ's decision must be upheld. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999).

The ALJ's finding that De La Rosa's depression and fibromyalgia did not preclude her from engaging in substantial gainful activity was supported by substantial evidence. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1594(b)(4); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). The only physician who performed a comprehensive neurological and physical examination found De La Rosa's physical limitations did not meet a listed impairment and her mental limitations were not severe. A consulting physician who testified at the hearing concurred. The ALJ did not err by rejecting De La Rosa's treating physician's diagnosis because it was unsupported by objective medical evidence. *Thomas,* 278 F.3d at 957; *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). De La Rosa's contentions that the ALJ failed to adequately develop the record, improperly discounted her testimony, and failed to properly weigh her treating physician's diagnosis were meritless. Accordingly, the district court's order affirming the ALJ's ruling was without error.

The district court's determination that it could not reopen De La Rosa's 1998 benefits denial was also free of error. The Social Security Appeals Council rejected her attempt to reopen the 1998 denial be-

cause it was untimely. 20 C.F.R. § 416.1488. The district court lacked jurisdiction to review that decision because it was not a final determination of the Social Security Administration. *Krumpelman v. Heckler,* 767 F.2d 586, 588 (9th Cir.1985).

**AFFIRMED.**