*636 MEMORANDUM *
Vincent Trulson appeals the district court’s dismissal of his case for lack of subject matter jurisdiction, disputing whether the administrative law judge (ALJ) properly found his second application for disability benefits barred by the res judicata effect of a final decision on his first application. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on de novo review. See Evans v. Chater, 110 F.3d 1480, 1481 (9th Cir.1997).
The district court had jurisdiction to determine whether Trulson’s new claim was properly precluded as the same claim previously determined. See Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir.1985). We agree with the district court that the Commissioner properly “applied] res judicata to bar reconsideration of a period with respect to which [he] has already made a determination” because Trulson’s second application alleged a period of disability entirely contained within his first application’s time period. Lester v. Chater, 81 F.3d 821, 827 (9th Cir.1996). Although a new issue in a second benefits application will render res judicata inapplicable, see Vasquez v. Astrue, 547 F.3d 1101, 1111 n. 9 (9th Cir.2008), Trulson presented no new issue in his second application. Evidence of his November 2001 assault was available during the pendency of the first application, but Trulson failed to put evidence on the record concerning the severity of his impairments during the time he claimed to be disabled. See 20 C.F.R. § 404.1512(c); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir.1999) (claimants represented by counsel “must raise issues at their administrative hearings in order to preserve them on appeal”). Further, we reject Trulson’s argument that the district court was required to consider the full administrative record, because Trulson points to no information in the administrative record that would have rendered res judicata inapplicable; the district court was plainly aware of Trulson’s allegedly new evidence but, as discussed, properly rejected that evidence as not actually presenting a new issue. See 20 C.F.R. § 404.1512(c).
Finally, the Commissioner did not de facto reopen Trulson’s claim, because the ALJ did not make an “effective decision to reopen the [first] claim by considering on the merits the issue of [Trulson]’s disability during the time covered by the [first] claim.” Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988). Rather, the ALJ decided Trulson’s second benefits application solely on the basis of res judicata. See Krumpelman, 767 F.2d at 589 (holding that ALJ did not de facto reopen claimant’s application because the ALJ’s disposition explicitly refused to address the merits).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.