

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS GIBB, | No. 10-35453 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00533-HA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted March 9, 2011**
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

Curtis Gibb appeals the district court's dismissal of his social security

appeal for lack of subject matter jurisdiction. We affirm. Because the parties are

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court properly dismissed Gibb's complaint for judicial review. The Social Security Act confers federal jurisdiction to review only "final decisions" of the Commissioner. *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citing 42 U.S.C. § 405(g)). An agency decision not to re-open a previously adjudicated claim for benefits is discretionary and therefore not considered "final" within the meaning of § 405(g). *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). "District courts, therefore, have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata." *Id.*

The March 2003 denial of reconsideration became administratively final and binding when Gibb failed to seek further review. 20 C.F.R. § 404.921; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). An ALJ may, as here, dismiss a later request for a hearing as *res judicata*, i.e. where the agency has "made a previous determination or decision . . . on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). *Res judicata* "may

apply even though the claimant has never had a hearing, where [he] has failed to pursue his administrative appeals and no new facts are presented in the subsequent application." *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982).

The *Sanders* exception to jurisdictional limitations "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds," *Califano v. Sanders*, 430 U.S. 99, 109 (1977), does not apply here. Gibb had a meaningful opportunity to present his case to the agency, and the record does not show any colorable due process violations. Therefore, the *Sanders* exception does not apply. *Udd v. Massanari*, 245 F.3d 1096, 1101 (9th Cir. 2001).

II

The district court did not err in declining to grant a remand under "sentence six" of 42 U.S.C. § 405(g).[1] To warrant such a remand, Gibb must show that the additional evidence is "material" to his disability, and that he had "good cause" for not producing it earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

---

[1] "Sentence six" of § 405(g) provides, in relevant part: "The court may . . . at any time order additional evidence to be taken before the Commissioner . . . but *only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .*" 42 U.S.C. § 405(g) (emphasis added). Thus, a so-called "sentence-six remand" may be ordered "where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citing 42 U.S.C. § 405(g) (sentence six)).

Even if we assume, *arguendo*, that the new evidence was material, Gibb did not show good cause for his delay in producing it. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his . . . claim has been denied." *Id.* at 463. Gibb failed to show that he could not have obtained the information earlier. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (finding no "good cause" where claimant submitted medical report prepared after hearing, but gave no reason for not soliciting the information sooner). The district court did not abuse its discretion in declining to order a remand.

**AFFIRMED.**