**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERI MIGLIORETTO, | No. 13-36047 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-01136-JE |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted January 4, 2017 [**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Keri Miglioretto appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act, after an administrative

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law judge (ALJ) concluded that Miglioretto did not overcome the presumption of continuing non-disability from a previous decision finding her not disabled. We affirm.

We review the district court's order de novo, and may set aside the denial of benefits only if it is not supported by substantial evidence or contains legal error. 42 U.S.C. § 405(g); *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

1. The ALJ provided specific, clear, and convincing reasons for rejecting Miglioretto's subjective complaints, including her daily activities, providers' observations, and lack of motivation to work. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (discussing factors considered in evaluating credibility); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (lack of motivation to work); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (tendency to exaggerate); *cf. Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (daily activities).

2. The ALJ provided specific, clear, and convincing reasons for rejecting certain medical opinions in determining Miglioretto's residual functional capacity (RFC). *Tommasetti*, 533 F.3d at 1041 (reciting standard). The ALJ properly rejected the opinions of treating providers Stephan Ames, M.D., James Morris, M.D., and Ron Lechnyr, Ph.D., D.W.W., and examining provider Ryan Scott, Ph.D., because the providers' opinions were based on Miglioretto's properly

2

discounted credibility and were inconsistent with their own objective findings and the medical record. *Id.* (permitting ALJ to reject opinion based on claimant's incredible self-reports). Any error in not expressly rejecting Dr. Lechnyr's opinion based on Miglioretto's discounted credibility is harmless, because it is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks omitted).

3. Miglioretto contends that the presumption of continuing non-disability under *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) does not apply. She argues that changed conditions rebut the presumption of non-disability, her panic disorder and depression are more severe, her degenerative disc disease and obesity are new impairments, and the ALJ de facto reopened her prior application by reassessing the evidence. The ALJ properly determined that neither Miglioretto's new nor existing impairments altered the original RFC, and that there had been no legally significant change in age category, so as to overcome the presumption of continuing non-disability. *Vasquez v. Astrue*, 572 F.3d 586, 597-98 (9th Cir. 2009) (citing legally significant age change as a changed circumstance); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (citing increased severity of impairment). Additionally, the ALJ's discussion of the merits, followed by a denial of Miglllioretto's claims as barred by the continued presumption of non-disability, did

3

not constitute a reopening.  *See Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985).  The ALJ compared the claims to determine whether the presumption should apply, and did not "consider[] 'on the merits' the issue of [Miglioretto's] disability during the already-adjudicated period."  *Lester*, 81 F.3d at 827 n.3 (quoting *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988)); *see also Krumpelman*, 767 F.2d at 589.  Moreover, the ALJ's alternative, unchallenged step 5 conclusion that Miglioretto can perform other work based on the well-supported and unchanged RFC determination renders any error in evaluating Miglioretto's current impairments inconsequential.  *See Brown-Hunter*, 806 F.3d at 492.

4.  Finally, the ALJ provided a reason "germane to the witness" for rejecting the testimony of Miglioretto's ex-husband, lay witness Brian Miglioretto.  The ALJ noted that Brian's testimony was similar to Miglioretto's properly rejected subjective complaints.  *See Molina*, 674 F.3d at 1114 (reciting standard); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citing rejection of claimant's own subjective complaints as a germane reason).  Any error in not explicitly rejecting Brian's testimony was inconsequential to the ultimate nondisability determination.  *Brown-Hunter*, 806 F.3d at 492.

**AFFIRMED.**

4