**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA M. OWEN, | No. 19-35684 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05694-JRC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted December 9, 2020**
Seattle, Washington

Before: McKEOWN and BUMATAY, Circuit Judges, and MOSMAN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

Sheila M. Owen appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the district court's order affirming the denial of social security benefits by the administrative law judge ("ALJ") de novo and reverse only if the ALJ's decision was not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

1. This court has "no jurisdiction to review" Owen's request to re-open her prior determination. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). The "decision to not re-open a previously adjudicated claim . . . is purely discretionary and is therefore not considered a 'final' decision within the meaning of § 405(g)." *Id.* (quotations omitted); *see* 20 C.F.R. § 416.1403(a)(5).

2. The ALJ did not err in evaluating the medical opinions in the record. The ALJ had substantial evidence to credit the opinions of Drs. Wheeler, Lewis, Fligstein, and Robinson over the opinions of Drs. Krueger, Weiss, Normoyle, and Carter. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ went over the medical opinions of each witness

2

in detail, comparing that evidence against the medical records and other evidence available and explaining why it was discounting some opinions and crediting others. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); 20 C.F.R. § 416.927(c)(4) (stating that "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion"). Accordingly, the ALJ did not err in its determination to credit some of the medical opinions over others.

3. The ALJ also did not err by discounting Owen's "testimony about the severity of the symptoms" because the ALJ offered "specific, clear and convincing reasons" for discounting Owen's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation on other grounds* (quotations omitted). The ALJ cited multiple reasons for discounting Owen's testimony: inconsistencies in Owen's representations, *see* 20 C.F.R. § 416.929(c)(4), "symptom magnification," equivocal testimony from medical experts, *id.*, and conflicts between Owen's testimony and the objective medical evidence in the record, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ also explained that Owen's activities were inconsistent with her alleged symptoms. These reasons are supported by substantial evidence in the record.

4. Finally, the ALJ did not err in finding substantial evidence supported its residual functional capacity assessment ("RFC"). "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ's finding that Owen's RCF reasonably accounted for all the limitations in her ability to perform work-related activities is supported by inferences reasonably drawn from the record. *Molina*, 674 F.3d at 1111. Moreover, there is no "obvious or apparent" "conflict" between the vocational expert's testimony and the Department of Labor's *DOT/SCO*. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); *see* U.S. Dep't Labor, *Semi-conductor dies loader,* DOT#726.687-030, *available at* 1991 WL 679637. "Extreme heat" is not considered a hazard under the *SCO*, *see* SSR 96-9p, 1996 WL 374185, at *9 (interpreting U.S. Dep't Labor, *SCO* at App. D); and, in any event, the vocational expert listed at least three occupations that did not involve exposure to extreme heat or any enumerated hazards.

5. For the foregoing reasons, Owen's request for remand is not warranted.

**AFFIRMED.**

4