**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN B. CONCANNON,

    Plaintiff-Appellant,

 v.

ANDREW M. SAUL, Commissioner of
Social Security,

    Defendant-Appellee.

No. 20-15732

D.C. No.
1:19-cv-00267-ACK-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted July 9, 2021[**]
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

 Christian Concannon appeals the district court's order affirming the denial

of his applications for disability insurance benefits and supplemental security

income benefits. He alleges that the ALJ erred in dismissing his Title II disability

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits claim; in discounting his subjective symptom testimony when denying his Title XVI supplemental security income benefits claim; and in discounting the opinions of his treating and evaluating physicians when denying his Title XVI claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We may not review the ALJ's dismissal of Concannon's Title II claim. Concannon had previously applied for Title II benefits in 2012, which were denied because the agency found Concannon not disabled on or before March 31, 2010, his date last insured. 20 C.F.R. § 404.131. Concannon did not appeal that decision, allowing it to become final. The ALJ concluded that there were no reasons to reopen that claim, and accordingly dismissed Concannon's current Title II claim on res judicata grounds. We have no jurisdiction to review an ALJ's decision not to reopen a claim or an ALJ's ruling that such a claim is res judicata. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985).[1] Concannon argues that because he was pro se during the 2012 adjudication, "the rigid application of res judicata . . . [is] undesirable." *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir.

---

[1] We disagree with Concannon that the ALJ constructively reopened the 2012 claim. Even when there is a "discussion of the merits," if it is "followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim." *Krumpelman*, 767 F.2d at 589. The sentence Concannon identifies in which the ALJ referred to the agency's *2016* decision on Concannon's Title II claim is likely a typographical error when considered in light of the ALJ's explicit conclusion that "the doctrine of res judicata applies" to Concannon's current Title II claim.

2

1988). But this would, at most, be a reason not to extend res judicata to bar a claim relating "to the period *subsequent* to [the] prior determination." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). It has no bearing here, where the ALJ applied res judicata only to the already adjudicated period.

The ALJ did not err in rejecting Concannon's testimony when assessing his Title XVI claim. Because Concannon presented objective medical evidence that "could reasonably be expected to produce" his alleged symptoms, his testimony about the severity of those symptoms could be rejected only for "specific, clear and convincing reasons." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quotation marks and citations omitted). At his hearing, Concannon stated that his depression deprived him of the motivation to do anything; that his anxiety precluded him from leaving the house; and that his ADHD prevented him from maintaining a train of thought and answering questions.

The ALJ permissibly rejected this testimony as conflicting with Concannon's reported daily activities and with the observations of his treating physician Dr. Rudlowski. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Specifically, Concannon had stated to Rudlowski that he was planning to look for work and to travel out of the state, and that he had attended church and enjoyed it, both of which the ALJ reasonably concluded conflicted with an absence of motivation and an inability to leave home. Concannon also reported "better

3

concentration, less distractibility, [and] improved focus with Adderall," which conflicts with the purported severity of his ADHD. The ALJ further noted Rudlowski's observations that Concannon exhibited only "mild" depression and had suffered no recent panic attacks. Although some of the other evidence the ALJ cited may not have been equally convincing, any resulting error was harmless because his conclusion was supported by substantial evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Nor did the ALJ err in discounting the opinions of Dr. Rudlowski and of Concannon's examining physician, Dr. Reed. Both physicians' opinions were contradicted by other medical opinions; therefore, the ALJ needed to provide only specific and legitimate reasons supported by substantial evidence in the record to reject them. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ identified such reasons, citing Rudlowski's observations that Concannon's symptoms were "mild" and Concannon's reports about his church attendance, searching for work, and potential future travel, all of which conflict with both physicians' opinions that the severity of Concannon's symptoms precluded him from full-time work. *See id.* (conflicts between a physician's opinion and his own notes are specific and legitimate reasons); *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014) (conflicts between a physician's opinion and a claimant's activities are specific and legitimate reasons).

4

Finally, to the extent the ALJ erred in discounting these opinions, any error was harmless. Rudlowski himself attributed to Concannon only "mild" limitations in interacting with others, meaning that the residual functional capacity that the ALJ crafted—including work in a non-public environment and only occasional interaction with coworkers and supervisors—adhered to this part of Rudlowski's opinion. And because the ALJ had properly relied on Concannon's reported improvement on Adderall when discounting his subjective symptom testimony, the path to his subsequent rejection of Rudlowski's and Reed's opinions on Concannon's ADHD is reasonably discernable. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).[2]

**AFFIRMED.**

---

[2] Concannon also argues that the ALJ ignored both the factors in 20 C.F.R. § 416.927 and favorable record evidence when discounting medical opinions. Although failure to consider the § 416.927 factors is error, *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017), the record shows that the ALJ incorporated those factors into his decision, even if he did not expressly cite them. Nor does Concannon explain why relying on the same reasons to discount two physicians' opinions runs afoul of § 416.927. Moreover, the ALJ "need not discuss *all* evidence presented." *Vincent ex rel Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Rather, he need only "explain why 'significant probative evidence has been rejected.'" *Id.* at 1395 (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). As we explained, the ALJ did so.